UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: 25-cv-23424-JB

Kelly Jo Beach,

    Plaintiff,

vs.

NCL (Bahamas) Ltd., a Bermuda Company
d/b/a Norwegian Cruise Line,

    Defendant.
_____/

**AMENDED COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL**

Plaintiff, Kelly Jo Beach, by and through her undersigned counsel, hereby sues Defendant, NCL (Bahamas) Ltd., a Bermuda Company d/b/a Norwegian Cruise Line (hereinafter referred to as "NCL"), and states as follows:

**JURISDICTION, VENUE, & PARTIES**

1. This is an action for damages under general maritime law where the subject incident occurred aboard a passenger ship in navigable waters during traditional maritime activity *(i.e.*, a passenger cruise), and jurisdiction over this claim is founded upon 28 U.S.C. §1333(1).

2. Additionally, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) as this is an action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between a citizen of a state and a foreign corporation.

3. Plaintiff, at all times material, was and is a U.S. citizen and resident of Florida.

1

4. NCL, at all times material, was and is a foreign corporation organized under the laws of the Bahamas, has its principal place of business in Miami, Florida, and was the owner and operator of the vessel *Norwegian Breakaway*.

5. This action is being filed in this Court due to the NCL Guest Ticket Contract, unilaterally drafted by NCL, which includes a forum selection clause requiring that such suits be commenced, filed, and litigated before this Court.

6. Plaintiff, in compliance with the Guest Ticket Contract, provided NCL with written notice of the claim within 185 days of the subject incident.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) as NCL maintains its principle place of business in this district and is engaged in and doing business in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

8. On August 4, 2024, Plaintiff was a fare-paying passenger aboard the vessel *Norwegian Breakaway* on a voyage that embarked on July 28, 2024 and returned to disembark in Miami, Florida on August 4, 2024.

9. Plaintiff disembarked the vessel at the Port of Miami using the gangway ramp provided by NCL that NCL directed her to use.

10. As instructed by NCL, Plaintiff was rolling her suitcase down the gangway ramp.

11. As Plaintiff was rolling her suitcase down the gangway ramp, the suitcase wheels became stuck on a raised and dangerous threshold on the gangway ramp flooring.

12. As a result, Plaintiff fell forward injuring her right wrist.

13. The threshold's danger was not open and obvious.

14. NCL had prior notice of the raised and dangerous threshold. Specifically, NCL:

a. Created, installed, and/or approved the threshold, and therefore it has known since its installation that it was raised and dangerous;

b. Received complaints from other guests, in the three (3) years prior to Plaintiff's fall, that the threshold was raised and dangerous;

c. Was notified of other falls caused by the raised threshold in the three (3) years prior to Plaintiff's fall; and

d. Observed the raised and dangerous threshold during inspections in the three (3) years prior to Plaintiff's fall.

**COUNT I – NEGLIGENT DESIGN CLAIM AGAINST NCL**

Plaintiff re-alleges and adopts the Factual Allegations above as though fully set forth herein, and further alleges as follows:

15. At all times material, and in particular on or about August 4, 2024, NCL owed to its passengers, including Plaintiff, a duty to provide a reasonably safe premises on its vessel, the *Norwegian Breakaway*. This included the gangway ramp that NCL provided and directed Plaintiff to use during disembarkation.

16. At all times material, NCL breached the duty of reasonable care owed to Plaintiff and was negligent by creating, designing, constructing, approving, and/or allowing a gangway ramp flooring connector that was unreasonably high and dangerous;

17. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff sustained and will continue to sustain serious and permanent injuries requiring medical treatment, past and future pain and suffering, disability, disfigurement, past and future mental anguish, inconvenience, scarring, the loss of the capacity for the enjoyment of life, the loss of

past wages, the loss of future earning capacity, and has incurred medical expenses in the past and will incur medical expenses in the future.

WHEREFORE, Plaintiff, Kelly Jo Beach, demands judgment against Defendant, NCL, for damages in excess of the minimal jurisdictional limits of this Court for the injuries described herein, as well as post-judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable.

## **COUNT II – NEGLIGENT TRAINING CLAIM AGAINST NCL**

Plaintiff re-alleges and adopts the Factual Allegations above as though fully set forth herein, and further alleges as follows:

18. At all times material, and in particular on or about August 4, 2024, NCL owed to its passengers, including Plaintiff, a duty to provide a reasonably safe premises on its vessel, the *Norwegian Breakaway*. This included the gangway ramp that NCL provided and directed Plaintiff to use during disembarkation.

19. At all times material, NCL breached the duty of reasonable care owed to Plaintiff and was negligent by failing to properly train staff members assigned to the gangway ramp area to safely and reasonably monitor guests disembarking the vessel so that could safely direct and instruct guests such as Plaintiff on how to safely disembark the vessel.

20. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff sustained and will continue to sustain serious and permanent injuries requiring medical treatment, past and future pain and suffering, disability, disfigurement, past and future mental anguish, inconvenience, scarring, the loss of the capacity for the enjoyment of life, the loss of past wages, the loss of future earning capacity, and has incurred medical expenses in the past and will incur medical expenses in the future.

WHEREFORE, Plaintiff, Kelly Jo Beach, demands judgment against Defendant, NCL, for damages in excess of the minimal jurisdictional limits of this Court for the injuries described herein, as well as post-judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable.

## COUNT III – NEGLIGENT MAINTENANCE CLAIM AGAINST NCL

Plaintiff re-alleges and adopts the Factual Allegations above as though fully set forth herein, and further alleges as follows:

21. At all times material, and in particular on or about August 4, 2024, NCL owed to its passengers, including Plaintiff, a duty to provide a reasonably safe premises on its vessel, the *Norwegian Breakaway*. This included the gangway ramp that NCL provided and directed Plaintiff to use during disembarkation.

22. At all times material, NCL breached the duty of reasonable care owed to Plaintiff and was negligent by:

   a. Failing to maintain the gangway ramp in a reasonably safe condition, thereby allowing the unreasonably high and dangerous flooring connector to exist; and

   b. Failing to reasonably inspect the gangway ramp for dangerous conditions such as an unreasonably high and dangerous flooring connector.

23. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff sustained and will continue to sustain serious and permanent injuries requiring medical treatment, past and future pain and suffering, disability, disfigurement, past and future mental anguish, inconvenience, scarring, the loss of the capacity for the enjoyment of life, the loss of past wages, the loss of future earning capacity, and has incurred medical expenses in the past and will incur medical expenses in the future.

WHEREFORE, Plaintiff, Kelly Jo Beach, demands judgment against Defendant, NCL, for damages in excess of the minimal jurisdictional limits of this Court for the injuries described herein, as well as post-judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable.

## COUNT IV – NEGLIGENT FAILURE TO WARN CLAIM AGAINST NCL

Plaintiff re-alleges and adopts the Factual Allegations above as though fully set forth herein, and further alleges as follows:

24. At all times material, and in particular on or about August 4, 2024, NCL owed to its passengers, including Plaintiff, a duty to provide a reasonably safe premises on its vessel, the *Norwegian Breakaway*. This included the gangway ramp that NCL provided and directed Plaintiff to use during disembarkation.

25. At all times material, and in particular on or about August 4, 2024, NCL owed to its passengers, including Plaintiff, a duty to warn of dangerous conditions it knew or should have known of.

26. At all times material, NCL breached the duty of reasonable care owed to Plaintiff and was negligent by failing to warn Plaintiff of the unreasonably high and dangerous doorway flooring connector on the gangway ramp.

27. As a direct and proximate result of the aforementioned negligence of NCL, Plaintiff sustained and will continue to sustain serious and permanent injuries requiring medical treatment, past and future pain and suffering, disability, disfigurement, past and future mental anguish, inconvenience, scarring, the loss of the capacity for the enjoyment of life, the loss of past wages, the loss of future earning capacity, and has incurred medical expenses in the past and will incur medical expenses in the future.

WHEREFORE, Plaintiff, Kelly Jo Beach, demands judgment against Defendant, NCL, for damages in excess of the minimal jurisdictional limits of this Court for the injuries described herein, as well as post-judgment interest and costs to the extent allowed by law, and demands trial by jury of all issues so triable.

Dated: September 8, 2025

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was filed via the CM/ECF portal and served via email on counsel of record identified below on September 8, 2025.

Todd L. Sussman, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL 33126
Telephone: (305) 436-4653
Facsimile: (305) 468-2132
tsussman@nclcorp.com
jjara@nclcorp.com
*Attorneys for Defendant*

**Respectfully submitted,**

                      **ZOELLER, HAYDEN & THRON, PLLC**
                      **2845 PGA Blvd**
                      **Palm Beach Gardens, FL 33410**
                      **(561) 689-8180 phone**
                      **(561) 684-9683 fax**

By:____*/s/ Eric C. Hayden*_____
  Eric C. Hayden, Esq.
  Florida Bar No.: 100923
  Email-1:    ehyaden@zoellerlaw.com
  Email-2:    ddavis@zoellerlaw.com