UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-cv-23424-JB

KELLY Jo BEACH,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
d/b/a NORWEGIAN CRUISE LINE,

      Defendant.

_____/

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant, NCL (BAHAMAS) LTD. ("Norwegian" and/or "Defendant"), by and through undersigned counsel, hereby files its Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint [D.E. 20], as follows:

**I.    Plaintiff's Amended Complaint Should be Dismissed in its Entirety as Plaintiff Fails to Sufficiently Allege Notice**

Plaintiff incorrectly argues that the Amended Complaint sufficiently alleges that Norwegian had notice of the alleged dangerous condition based upon the fact that Norwegian allegedly created, installed, and/or approved of the subject threshold. [D.E. 21, at p. 1-2]. The Eleventh Circuit has held that "constructive notice of a risk cannot be imputed merely because a shipowner created or maintained the premises." *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1179 (11th Cir. 2020); *see also Willias v. Royal Caribbean Cruises, Ltd.*, 2022 WL 1521193, at *8 (S.D. Fla. May 4, 2022); *Sterling v. Carnival Corp. & PLC*, 2021 WL 5997001, at *11 (S.D. Fla. Dec. 18, 2021). Therefore, Plaintiff's argument is of no merit.

Plaintiff also argues that the Amended Complaint sufficiently alleges notice based upon the allegations that Norwegian "received complaints from other guests in the three (3) years prior to [Plaintiff's alleged] fall that the threshold was raised and dangerous" and "was notified of other falls caused by the same raised threshold in the three (3) years prior to Plaintiff's [alleged fall][.]" [D.E. 21]. Plaintiff fails to allege *any* facts as to these alleged prior complaints and/or incidents, let alone any facts showing that the alleged prior complaints and/or incidents occurred under substantially similar circumstances to Plaintiff's alleged incident. The Eleventh Circuit and courts in this district repeatedly hold that such generalized allegations are insufficient to allege notice of the alleged dangerous condition.

Plaintiff attempts to distinguish *Moseley v. Carnival Corp.*, 593 F. App'x 890, 891-92 (11th Cir. 2014) and *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934–36 (11th Cir.), *cert. denied*, 143 S. Ct. 212 (2022), two of the plethora of cases Norwegian cites in its Motion to Dismiss. First, Plaintiff argues that her Amended Complaint is different from the complaint in *Moseley v. Carnival Corp.* because the complaint in *Moseley v. Carnival Corp.* "failed to plead *any* facts regarding notice." [D.E. 21, at p. 3]. However, here too, Plaintiff has failed to plead any *factual* allegations regarding notice. Plaintiff's allegations are wholly conclusory. Similarly, Plaintiff attempts to distinguish *Newbauer v. Carnival Corp.* based upon the fact that it involved a transitory substance where "allegations regarding the frequency, time existed, and substantial similarity of prior spills are more crucial than here . . ." [D.E. 21, at p. 3]. However, Plaintiff fails to cite *any* legal authorities supporting such a proposition. In fact, *several* of the cases cited by Norwegian in its Motion to Dismiss do not involve transitory substances. *See Kendall v. Carnival Corp.*, 2023 WL 8593669, at *3 (S.D. Fla. Dec. 8, 2023) (dismissing complaint for lack of notice and holding that "[w]ithout any specific factual allegations, the Court cannot conclude that any of these

incidents were substantially similar to the accident in this case."); *Sanlu Zhang v. Royal Caribbean Cruises, Ltd.*, 2019 WL 8895223, at *4 (S.D. Fla. Nov. 15, 2019) (holding that alleged prior incidents must have a connection to the plaintiff's case, and the plaintiff must include factual allegations – and not boilerplate, general restatements of the law – that establish how the cruise line became aware of those incidents such that they would have been on notice of a dangerous condition regarding the specific incident at issue); *Polanco v. Carnival Corp.*, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010) (Alleged prior incidents insufficient to establish notice because, "[t]here are also no details about similar past incidents that Carnival allegedly failed to investigate. What were the incidents? Who were the drivers of the motor vehicles of the other incidents? How did Carnival learn of the incidents? The complaint is bereft of information on these material issues."); *Peavy v. Carnival Corp.*, 2023 WL 3454921, at *5 (S.D. Fla. 2023) ("[T]he conclusory allegation of prior incidents while disembarking from a water taxi to the cruise ship and vice versa are not specific and fail to state how those incidents place [the cruise line] on notice."). Therefore, Plaintiff's conclusory allegations that Norwegian received complaints from other guests that the threshold was allegedly raised and dangerous and/or was notified of other falls involving the raised threshold in the three years prior to Plaintiff's alleged incident are insufficient to establish notice. [D.E. 21].

Lastly, Plaintiff argues that the Amended Complaint sufficiently alleges notice based upon the allegation that Norwegian "observed the raised and dangerous threshold during inspections in the three (3) years prior to Plaintiff's fall[.]" [D.E. 21]. Courts in this district consistently hold that such generalized notice allegations regarding cruise lines' inspections and maintenance are insufficient to establish notice. *See Bencomo v. Costa Crocerie S.P.A. Company*, 2011 WL 13175217, at *3 (S.D. Fla. 2011) (rejecting the argument that "the Defendant must have known of

the dangerous condition because Defendant regularly maintained the area."), *aff'd*, 476 F. App'x 232 (11th Cir. 2012); *see also Fawcett v. Carnival Corp.*, 2023 WL 4424195, at *3 (S.D. Fla. July 10, 2023) (plaintiff's reference to the defendant's inspection schedule and cleaning policies, without any additional facts to clarify what these policies are or how their implementation would have created notice, was insufficient to allege notice); *Cisneros v. Carnival Corp.*, No. 1:19-cv-24155, 2020 WL 376695, at *2 (S.D. Fla. Jan. 23, 2020) (finding reference to the defendant's "maintenance and/or inspections of the subject area[,]" with nothing more, insufficient to plead notice (alteration added)); *Patton v. Carnival Corp.*, 2022 WL 2982699, at *2 (S.D. Fla. July 28, 2022) (holding that the allegations that the cruise line's staff cleans the subject area on a daily basis is not sufficient to allege that the cruise line had notice of the alleged dangerous condition). Plaintiff's allegation is conclusory and fails to provide any factual allegations as to the details of the alleged inspections that would put Norwegian on notice of the alleged dangerous condition.

Plaintiff further attempts to justify her failure to plead factual allegations pertaining to notice based upon the fact that discovery has not yet commenced. [D.E. 21, at p. 2]. Plaintiff's argument is deficient as it would result in a "form complaint that could be used by any passenger..." *See Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 WL 1296298, *2 (S.D. Fla. Mar. 27, 2013). The Eleventh Circuit addressed a similar argument in *Patton v. Carnival Corp.*, 2024 WL 1886504, at *3 (11th Cir. Apr. 30, 2024), wherein the plaintiff argued that the relevant evidence was "wholly under control of the cruise line[.]" *Id.* The Eleventh Circuit rejected the plaintiff's argument and held that "[the plaintiff] is not required, at the pleading stage, to *know* that Carnival had constructive knowledge of the threshold's dangerous condition" but that "[s]he only needed to *allege* plausible facts that Carnival had constructive notice of the dangerous condition." *Id.* Similarly, here, Plaintiff fails to allege any plausible *factual* basis that Norwegian had notice of

the alleged dangerous condition. *See Jackson v. Bellsouth Telecomms., Inc*., 2002 WL 34382751, at *6 (S.D. Fla. June 3, 2002) (holding that a plaintiff cannot rely on wholly conclusory allegations at the pleading stage while hoping to find data to support her claim through discovery, because such fishing expeditions are not permissible under the federal rules); *Lazarre v. JPMorgan Chase Bank, N.A*., 780 F. Supp. 2d 1320, 1329 n.16 (S.D. Fla. 2011) ((“Discovery ... is not intended to allow a plaintiff to go on a fishing expedition to see if the speculative complaint that he has filed has any basis in fact) (internal citations omitted); *Rosenberg v. NCL (Bahamas) Ltd.*, 2023 WL 1466858, at *2 (S.D. Fla. Feb. 2, 2023) (holding plaintiff failed to adequately state a claim “because the complaint contains only ‘fact-free, wholly conclusory, boilerplate allegations” that [cruise line] knew or should have known about the purportedly dangerous condition.”); *Mensah v. Mnuchin*, 2020 WL 6701926, at *15 (S.D. Fla. Nov. 13, 2020) (“[D]iscovery should follow the filing of a well-pleaded complaint, but it is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.”) (internal quotations and citations omitted); *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) (“As the Supreme Court has noted, … ‘the doors of discovery’ do not unlock ‘for a plaintiff armed with nothing more than conclusions.’ … Rather, discovery *follows* ‘the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.’”); *Begin v. MSC Cruises S.A*, 2021 WL 602779, at *2 (S.D. Fla. Feb. 16, 2021) (“Plaintiff may not file her complaint with the hopes of receiving discovery to learn if she has additional viable claims.”); *Christie v. Royal Caribbean Cruises, Ltd*., 497 F. Supp. 3d 1227, 1237 (S.D. Fla. 2020) (“Parties may not file insufficient complaints with the hopes of receiving discovery to make them sufficient.”). Plaintiff's attempt to avoid the well-established pleading requirements based upon the fact that discovery has not yet commenced is entirely improper.

II.    **Count I (Negligent Design) of Plaintiff's Amended Complaint Should be Dismissed for Failure to State a Claim**

Notwithstanding the above, Plaintiff also failed to respond to Norwegian's argument in its Motion to Dismiss that Count I (Negligent Design) of Plaintiff's Amended Complaint should be dismissed as it fails to allege facts supporting the elements of a claim for negligent design. [D.E. 20, at p. 9-11]. For this reason alone, Norwegian's Motion as to this claim should be granted. *See Jones v. Bank of Am., N.A.*, 564 F.App'x 432, 434 (11th Cir. 2014) ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); *see also Worley v. Carnival Corp.*, 2023 WL 1840154, at *2 (S.D. Fla. Jan. 30, 2023) ("Because Worley did not substantively respond in any way to the current arguments, she waived or abandoned all of her potential contrary arguments."); *Brown v. Buddy Bee Corp.*, 2015 WL 11233388, at *4 (S.D. Fla. Mar. 11, 2015) ("Defendants' failure to address [the plaintiff's argument] is tantamount to failure to respond to the Motion[.]"); *GolTV, Inc. v. Fox Sports Latin America Ltd.*, 277 F. Supp. 3d 1301, at n. 7 (S.D. Fla. 2017) ("When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned."); *Carter v. BPCL Management, LLC*, 2021 WL 7502562, at *1 (S.D. Fla. Sept. 22, 2021) ("Plaintiff's refusal to refute any arguments in Defendant's Motion operates as a waiver of those arguments and is akin to a failure to respond."); *Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc.*, 2016 WL 5661636, at *3 (S.D. Fla. Sept. 30, 2016) ("[A] plaintiff who, in its responsive brief, fails to address its obligation to object to a point raised by the defendant implicitly concedes that point.") (internal quotations omitted).

### III.    Count II (Negligent Training) of Plaintiff's Amended Complaint Should be Dismissed for Failure to State a Claim

Similar to above, Plaintiff also failed to respond to Norwegian's argument in its Motion to Dismiss that Count II (Negligent Training) of Plaintiff's Amended Complaint should be dismissed as it fails to allege facts supporting the elements of a claim for negligent training. [D.E. 20, at p. 11-12]. For this reason alone, Norwegian's Motion as to this claim should be granted. *See Jones v. Bank of Am., N.A.*, 564 F.App'x at 434 ("A party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed.") (quoting *Kramer v. Gwinnett Cnty., Ga.*, 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); *see also Worley v. Carnival Corp.*, 2023 WL 1840154, at *2 ("Because Worley did not substantively respond in any way to the current arguments, she waived or abandoned all of her potential contrary arguments."); *Brown v. Buddy Bee Corp.*, 2015 WL 11233388, at *4 ("Defendants' failure to address [the plaintiff's argument] is tantamount to failure to respond to the Motion[.]");*GolTV, Inc. v. Fox Sports Latin America Ltd.*, 277 F. Supp. 3d 1301, at n. 7 ("When a party fails to respond to an argument or address a claim in a responsive brief, such argument or claim can be deemed abandoned."); *Carter v. BPCL Management, LLC*, 2021 WL 7502562, at *1 ("Plaintiff's refusal to refute any arguments in Defendant's Motion operates as a waiver of those arguments and is akin to a failure to respond."); *Hartford Steam Boiler Inspection & Ins. Co. v. Brickellhouse Condo. Ass'n, Inc.*, 2016 WL 5661636, at *3 ("[A] plaintiff who, in its responsive brief, fails to address its obligation to object to a point raised by the defendant implicitly concedes that point.") (internal quotations omitted).

**WHEREFORE,** for the reasons set forth above, Defendant, NCL (BAHAMAS) LTD., respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint in its entirety, along with any and all further relief this Court deems just and proper.

Date:   November 10, 2025
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: _/s/    **Michael C. Gordon**_
Jeffrey E. Foreman, Esq.
Florida Bar No. 0240310
jforeman@fflegal.com
Michael C. Gordon, Esq.
Florida Bar No. 149284
mgordon@fflegal.com
Jacob Foreman, Esq.
Florida Bar No. 1030896
jforeman@fflegal.com
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-358-6555
Fax: 305-374-9077
_Attorneys for Defendant Norwegian_

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

BY: _**/s/Michael C. Gordon**_
Michael C. Gordon, Esq.

## SERVICE LIST

Eric C. Hayden, Esq.
ehayden@zoellerlaw.com
ddavis@zoellerlaw.com
ZOELLER, HAYDEN  & THRON, PLLC
2845 PGA Blvd
Palm Beach Gardens, FL 33410
Tel: 561-689-8180
Fax: 561-684-9683
*Attorneys for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
kfehr@fflegal.com
Michael C. Gordon, Esq.
mgordon@fflegal.com
ymoran@fflegal.com
drobinson@fflegal.com
Jacob M. Foreman, Esq.
jmforeman@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL  33131
Phone: 305-358-6555
Fax: 305-374-9077
*Attorneys for Defendant*